## FITE v. BREVOORT et al.

### No. 13287.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 3, 1936.

Rehearing Denied Jan. 31, 1936.

Edgar M. Mann, of Wichita Falls, for appellant.

J. T. Montgomery, of Wichita Falls, for appellees.

BROWN, Justice.

Appellant, guardian of the Brevoort minors, Harvey Francis and John Charles, brought suit in the district court of Wichita county, against Mrs. Keturah Brevoort (stepmother· of said minors) individually and as executrix of the estate of H. S. Brevoort, deceased (father of said minors), and the First National Bank of Wichita Falls, alleging the death of H. S. Brevoort, testate, who nominated in his will, Mrs. Keturah Brevoort, his widow, as independent executrix, and that the will shows a legacy willed to said minor sons; that said executrix entered into a written

contract reciting that she held, as trustee, for the use and benefit of said minors, $2,000, which she agreed to pay in installments; that she agreed to invest the funds in Australian bonds; that the bonds were purchased, and, when purchased, were to be placed in a safety deposit box with said appellee bank under the joint control of one Charles I. Francis and said executrix; that a safety deposit box was rented from said bank, and the rent paid out of the funds belonging to said minors, and the bonds were deposited in said bank in accordance with the said agreement.

The contract of bailment for hire made with appellee bank was made on a printed card, having certain blanks which were filled out to meet the terms agreed upon. The contract of bailment, when completed, is as follows:

"Box No. 804
"Date February 13, 1931
"Renter Mrs. Keturah Brevoort, Executrix Address 1608 Polk
"Authorized Deputy Chas. I. Francis. Must have both sigs., rate $3.00 per year. On Slip.

"The undersigned hereby acknowledges receipt of two (2) keys and agree to pay rental in advance for the above numbered box at above rate and hereby agrees that such rental shall be upon and subject to the agreements, conditions and regulations printed on the back of this contract, which are hereby made a part hereof, a copy of which is also shown on back of rental receipt.

"The parties named above are the only ones authorized to have access to said box. Future payments of rental constitute a renewal of this contract. I or we agree to above.

"Renter—— Signature Mrs. Keturah Brevoort () Keys Executrix
"Deputy—— Signature Chas. I. Francis () Keys."

The word "Renter" is found on the printed blank used by the bank. The words "Authorized Deputy" are likewise found on the printed blank.

Appellant alleged that Mrs. Keturah Brevoort, on May 13, 1932, without the knowledge or consent of Francis and in violation of the terms of the agreement made with the bank, with the knowledge and permission of the bank, opened the safety deposit box and removed therefrom said bonds and converted them to her own use.

This suit was brought to recover the value of the bonds from Mrs. Keturah Brevoort and the said First National Bank.

The bank answered to the merits and prayed for judgment over against Mrs. Brevoort, in case judgment was rendered against it.

The case was tried to the court and judgment rendered for appellant against Mrs. Brevoort, who defauted, but judgment was rendered that appellant, guardian, take nothing against said bank. The appeal is from insufficient relief.

The appellee bank is a bailee for hire. This is undisputed, and it is likewise undisputed that the rental paid to the bank came from the minors, who owned the bonds deposited with the bank.

It is not necessary to cite authorities holding that the "written in" portions of the contract, made on forms prepared by the bank, are more important in determining the purpose of the contract than the printed portions, found in the blank forms so used. This is elementary. Hence, we attach no great importance to the word "Renter," found in the contract, and the words, "Authorized Deputy," there found.

In the body of this contract of bailment, Mrs. Keturah Brevoort is designated as "Executrix," and she signed the same in such capacity. It is quite certain that an executrix in Texas does not have, and cannot have, an "authorized deputy."

Bouvier's Law Dictionary defines a "deputy" as: "One authorized by an officer to exercise the office or right which the officer possesses, for and in place of the latter."

An executor cannot delegate the discretionary powers conferred upon him by the will, but he can delegate such powers as do not involve the exercise of discretion, but which are merely mechanical or ministerial. 13 Tex.Jur., para. 175, page 751; Terrell et al. v. McCown et al., 91 Tex. 231, 43 S.W. 2.

The act done by the executrix in taking charge and possession of the bonds, which she held in trust for the said minor legatees, was not mechanical, neither was it ministerial, unless she undertook to obtain possession with a pure motive and for the use and benefit of the owners of

the bonds. Were this her motive, she could have delegated such right to enter the lock box to some person whose duty it would have been, under a proper delegation of authority, to enter the box with Charles I. Francis, and with his express consent. But this executrix entered it without the knowledge and consent of Francis and for the express purpose of converting the bonds to her personal use.

If it could be said that the executrix had any discretionary power to take possession of the bonds, even for the use and benefit of the owners, she could not have delegated this authority to Francis, and the entire transaction shows that his was a joint control, and not control by any delegated power emanating from the executrix. His control was, to say the least of it, a check upon her right to control the possession and disposition of the bonds, if not plainly antagonistic to her rights.

There is nothing in the contention that Francis was Mrs. Brevoort's "deputy," or agent. The facts, of which the bank had ample notice, refute any such claim.

This contract had written into it the words: "Must have both sigs. on slip." Chas. I. Francis signed the contract with Mrs. Brevoort, the executrix. The two of them receipted for two keys. One for each of them. The words last quoted are shown to mean that, when the box was entered, a "slip" would be made by the bank, disclosing the making of an entry, and the signatures of both persons, whose names appeared on the contract, would be required for such entry, and purpose. When the appellee bank permitted Mrs. Brevoort to enter the lock box and abstract the bonds, she alone signed the "slip" required. The bank cannot successfully defend its action. It had too much before it, to put it upon notice of the necessity for Francis agreeing to any entry that was made, for it to here say that it was without wrong in permitting the bonds to be withdrawn, without Francis' knowledge and consent, and converted by the executrix.

Mrs. Brevoort, having made the bailment contract as an executrix, the bank, of necessity, knew that she was acting in a fiduciary capacity, and not acting as an individual owner of the bonds and lock box. She was not a mere person, contracting and dealing with the bank, she was a trustee handling an estate through the provisions of a will made by one then deceased. She then stood in the shoes of the testator.

The bank could not shut its eyes to these facts.

Furthermore, the contract with the bank plainly provided that joint control of the lock box and its contents was lodged with the executrix and one Chas. I. Francis, and that the signatures of both of such parties were necessary on every "slip" which was made and executed, when an entry into the lock box was intended. This plainly put the bank upon notice that Mrs. Brevoort did not have absolute control of the lock box and its contents, but that Chas. I. Francis had joint control with her and was as much interested in the contents of the lock box as was Mrs. Brevoort.

In a recent case (opinion not yet published [in State reports]), Quanah, A. & P. Ry. Co. v. Wichita State Bank & Trust Co., 89 S.W.(2d) 385, by the Commission of Appeals, a copy of the opinion being before us, the principle which governs the disposition of this suit is discussed at length.

This cause was tried on the merits. We take it that it has been fully developed. The evidence is undisputed and conclusive. The only question before us is: Does the evidence establish the fact that appellee bank was put upon notice and inquiry as to the want of absolute right upon the part of Mrs. Keturah Brevoort, executrix, to enter the safety deposit box in the absence of Chas. I. Francis, and without his consent, and to take the bonds therefrom, under such circumstances, and having permitted such to be done, under such facts and circumstances, did the bank breach its contract, so as to render it liable for the loss of the bonds? We believe that the question should be answered in the affirmative.

We do not consider it necessary to discuss any other feature of the case.

The judgment of the trial court awarding recovery by R. V. Fite, guardian of said minors, against Mrs. Keturah Brevoort, individually and as said executrix, is undisturbed, and the judgment of the trial court denying said guardian a recovery against said appellee bank is reversed, and judgment is here rendered awarding said guardian judgment against said appellee bank in the sum of $1,700 with 6 per cent. interest per annum from March 2, 1935. The judgment, therefore, is here entered that appellant recover of and from Mrs. Keturah Brevoort, individually and as independent executrix of the will and

916

estate of H. S. Brevoort, deceased, and of and from the First National Bank of Wichita Falls, Tex., jointly and severally, the sum of $1,700, with 6 per cent. interest from March 2, 1935; and that said bank recover judgment for a like amount over against Mrs. Keturah Brevoort, individually and as said executrix.

MARTIN, J., not sitting.